The document below is hereby signed.

Signed: June 4, 2014



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TANYA F. JOHNSON, | ) | Case No. 97-01033 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On April 14, 2014, PNC Bank, National Association filed an application for release of unclaimed funds in the amount of $525.60 (Dkt. No. 32). On March 22, 1999, the unclaimed dividend in question was deposited into the court's registry pursuant to 11 U.S.C. § 347(a),[1] and the funds remain on deposit pursuant to 28 U.S.C. §§ 2041 and 2042. Absent a showing by PNC Bank that the debt once payable to PNC Mortgage Corp. has not been previously satisfied, the court will not grant the relief sought.

---

[1] 11 U.S.C. § 347(a) provides, in relevant part:

Ninety days after final distribution under section . . . 1326 of this title in a case under chapter 7, 12, or 13 of this title . . . the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28 [28 USC §§ 2041 et seq.].

The burden is on PNC Bank to demonstrate that it is entitled to the funds sought. *Hansen v. United States,* 340 F.2d 142, 144 (8th Cir. 1965).  Although the record before the court demonstrates that PNC Mortgage Corp. was at one time entitled to the funds, PNC Bank has not demonstrated a present entitlement to the funds, as required.  *See* 28 U.S.C. § 2042;[2] *Willametz v. Susi*, 489 F.2d 364, 366 (1st Cir. 1973).

The application states that the check may have gone uncashed because it was sent to an invalid address and because of various mergers or institutional name changes.  Even if there is a valid explanation for why PNC Mortgage Corp. never received the check, that, standing alone, is insufficient to demonstrate PNC Bank's **present** entitlement to the funds.

If PNC Mortgage Corp.'s claim that was the basis for the issuance of the distribution has already been satisfied,

---

[2] 28 U.S.C. § 2042 provides:

No money deposited under section 2041 of this title shall be withdrawn except by order of the court.

In every case in which a right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States.  Any claimant entitled to such money may, on petition to the court and upon notice to the United States attorney and **full proof of right thereto**, obtain an order directing payment to him.  [Emphasis added.]

2

circumstances have changed such that PNC Bank is no longer entitled to the funds.  *Id.* at 367 (*quoting Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and is the object of courts to prevent the payment of any debt twice over.")).  For example, the debt may have been one as to which there was a co-debtor, and that co-debtor may have paid the debt.  Or the debt may have been secured by a lien on collateral, and may have been collected via enforcement of that lien.  In this case, PNC Mortgage filed a motion for relief from stay, which was resolved by a consent order between PNC Mortgage and the debtor less than four months before the case was dismissed with prejudice.  Accordingly, there is reason to believe that PNC Mortgage Corp. may have collected the debt via enforcement of a lien.  Without the benefit of account records,[3] PNC Bank and this court can only speculate as to whether the debt once owed to PNC Mortgage Corp. has already been satisfied.

Any overpayment that might result from payment of the unclaimed funds to PNC Bank is not simply a matter to be resolved by PNC Bank and the debtor.  Instead, § 2042 requires that the court determine PNC Bank's entitlement to the funds.  It is thus

ORDERED that PNC Bank's application for release of unclaimed

---

[3] The application states that no account record regarding the amounts owed on the debt was maintained.  It may be that the records once held by PNC Mortgage Corp. are no longer available, but most likely records were, at some point and time, maintained with respect to the debtor's account.

funds (Dkt. No. 32) is DENIED without prejudice to the filing of an amended application demonstrating a present day entitlement to the funds.

[Signed and dated above.]


Copies to:

Lawrence Reynolds
Senior Vice President
PNC Bank, National Association
1600 Market Street, 28th Floor
Philadelphia, PA 19103